UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                          Index No. 07 CV 7720 (CM)(RLE)
CHARLES WILLIAMS,

                           Plaintiff,

     -against-


PALLADIA, INC. and CORINE WORKMAN,

                           Defendants.
------------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW**




DAVIDOFF MALITO & HUTCHER LLP
Attorneys for Defendants
200 Garden City Plaza, Suite 315
Garden City, New York 11530
(516) 248-6400


DM:80016052.1
80044076

# TABLE OF CONTENTS

Page

**POINT I -**
**THE CLAIM AGAINST THE INDIVIDUAL DEFENDANT SHOULD BE**
**DISMISSED** ............................................................................................................ 1

**POINT II -**
**THE CLAIMS AGAINST PALLADIA BASED UPON RACE,**
**RETALIATION AND PAY DISPARITY SHOULD BE DISMISSED**
**AS PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE**
**REMEDIES** ............................................................................................................. 3

**SUBMISSION** ............................................................................................................. 7

# TABLE OF AUTHORITIES

Page

**Cases**

*Arculeo v. On-Site Sales & Marketing, LLC*, 425 F. 3d 193,195
(2d Cir. 2005) ............................................................................................................... 2

*Bailey v. Colgate-Palmolive Co.*, 2003 WL 21108325 at *13
(S.D.N.Y. May 14, 2003) ........................................................................................... 6

*Burke v. Gutierrez* 2006 WL 89936 at *12 ( S.D.N.Y. Jan. 12, 2006) ............................... 6

*Burlington Indus. v. Ellerth*, 524 U.S. 742 ....................................................................... 2

*Butts v. City of New York Dep't of Hous. Pres & Deve.*, 990 F. 2d 1397,
1401 (2d Cir. 1993) ..................................................................................................... 3

*Codoba v. Beau Dietl & Assocaiates* 2003 WL 22902266 at *10
(S.D.N.Y. Dec. 8, 2003) .............................................................................................. 6

*Culbertson v. Charosa Foundation. Corp.* 2004 WL 2370686 AT *3
(E.D.N.Y. October 18, 2004) ...................................................................................... 5

*Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) ......................................................... 5

*Gambrell v. National R.R. Passenger Corp.* 2003 WL 282182 at *8
( S.D.N.Y. Feb. 3, 2003) ............................................................................................. 6

*Holtz v. Rockefeller Co., Inc.* 258 F. 3d 62, 82-83 (2d Cir. 2001) .................................... 3

*Jones v. Consumer Information Dispute Resolution* 2007 WL 2398811
at *2 (S.D.N.Y. August 16, 2007) ............................................................................... 2

*Luly v. County of Suffolk*, 2007 WL 2460684 at *1 ( E.D.N.Y.
August, 24, 2007) ........................................................................................................ 2

*Mandell v. The County of Suffolk*, 316 F. 3d 368, 377 (2d Cir. 2003) ............................. 2

*Moguel v. Covenant House/New York*, 2004 WL 2181084 at *6
( S.D.N.Y. Sept. 29, 2004) ....................................................................................... 3, 6

*Mohammad v. New York City Transit Authority*, 450 F. Supp.2d
198, 206 (E.D.N.Y. 2006) ........................................................................................... 5

*Murray v. Brooklyn Public Library* 1997 WL 1048899 at *3
 (E.D.N.Y. June 13, 1997) ............................................................................................... 5

*Murray v. Visiting Nurse Services of New York*, 2007 WL 3254908 at *7
 (S.D.N.Y. October 31, 2007) ......................................................................................... 2

*O'Neil v. State University of New York*, 2003 WL 1524664 at *3
 (E.D.N.Y. March 24, 2003) ........................................................................................... 5

*Pasqualini v. Mortgageit, Inc.*, 498 F. Supp.2d 659, 665 (S.D.N.Y. 2007) ....................... 2

*Patterson v. County of Oneida, N.Y.* 375 F. 3d 206, 221 (2d Cir. 2004) ........................... 2

*Sklar v. New York Life Insurance Co.*, 2001 WL 984724 at *4
 ( S.D.N.Y. August 27, 2001) ......................................................................................... 3

*Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) ................................................ 2

*Wilson v. Family Dollar Stores*, 2007 WL 952066 at *4
 ( E.D.N.Y. March 29, 2007) .......................................................................................... 3

*Wrighten v. Glowski*, 232 F. 3d 119, 120 (2d Cir. 2000) ................................................... 2

*Zhao v. State Univ. of N.Y.*, 472 F. Supp.2d 289, 320 (E.D.N.Y. 2007) ............................. 1

**Rules**

Federal Rules of Civil Procedures 12(b)(6) ........................................................................ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLES WILLIAMS,

                Plaintiff,

-against-

PALLADIA, INC. and CORINE WORKMAN,

                Defendants.
------------------------------------------------------------x

07cv 7720(CM)(RLE)

## DEFENDANTS' MEMORANDUM OF LAW

Defendants, Palladia, Inc. ("Palladia") and Corrine Workman, sued herein as Corine Workman ("Ms. Workman") submit this memorandum of law in support of their motion, for an order pursuant to Federal Rules of Civil Procedures 12(b)(6):

(a) dismissing the Complaint against defendant Ms. Workman, as Title VII does not provide for individual liability, and

(b) dismissing that portion of the Complaint alleging discrimination based upon race, retaliation, and "other acts" - "No increase in wages after 1 year" for plaintiff's failure to exhaust his administrative remedies.

### POINT I

### THE CLAIM AGAINST THE INDIVIDUAL DEFENDANT SHOULD BE DISMISSED

The Complaint should be dismissed against Ms. Workman as a matter of law.

> "It is axiomatic that Title VII does not provide a cause of action against individual defendants." *Zhao v. State Univ.*

1

*of N.Y.*, 472 F. Supp.2d 289,320 (E.D.N.Y. 2007) (citing *Wrighten v. Glowski*, 232 F. 3d 119, 120 (2d Cir. 2000), and *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317(2d Cir. 1995), abrogated on other grounds by *Burlington Indus. v. Ellerth*, 524 U.S. 742; *See Patterson v. County of Oneida, N.Y.* 375 F. 3d 206, 221 (2d Cir. 2004) ("Before reaching the substance of Patterson's Title VII claim for unlawful termination, we note that 'individuals are not subject to liability under Title VII.'")

*Murray v. Visiting Nurse Services of New York*, 2007 WL 3254908, at *7 (S.D.N.Y. October 31, 2007).

See also, *Luly v. County of Suffolk*, 2007 WL 2460684 at *1 ( E.D.N.Y. August, 24, 2007); *Jones v. Consumer Information Dispute Resolution* 2007 WL 2398811 at *2 (S.D.N.Y. August 16, 2007).

Indeed, even supervisors are not held individually liable under Title VII. *Mandell v. The County of Suffolk*, 316 F. 3d 368, 377 (2d Cir. 2003)( under Title VII individual supervisors are not subject to liability); *Arculeo v. On-Site Sales & Marketing, LLC*, 425 F. 3d 193,195 (2d Cir. 2005); *Pasqualini v. Mortgageit, Inc.*, 498 F. Supp.2d 659, 665 (S.D.N.Y. 2007).

Within, plaintiff has named both Mr. William's former employer, Palladia Inc. and his supervisor, Ms. Workman as defendants. Simply put, there is no theory of law under which a Title VII action can go forward against Ms. Workman. Accordingly, the complaint should be dismissed in its entirety as to her.

POINT II

THE CLAIMS AGAINST PALLADIA
BASED UPON RACE, RETALIATION AND
PAY DISPARITY SHOULD BE DISMISSED
AS PLAINTIFF HAS FAILED TO
EXHAUST HIS ADMINISTRATIVE REMEDIES

It is well settled that a plaintiff cannot raise a Title VII discrimination claim without first exhausting his administrative remedies. *Wilson v. Family Dollar Stores*, 2007 WL 952066 at *4 ( E.D.N.Y. March 29, 2007) citing *Holtz v. Rockefeller Co., Inc.* 258 F. 3d 62, 82-83 (2d Cir. 2001) and *Butts v. City of New York Dep't of Hous. Pres & Deve.*, 990 F. 2d 1397,1401 (2d Cir. 1993). This exhaustion element is an "essential element of Title VII's statutory scheme." *Moguel v. Covenant House/New York*, 2004 WL 2181084 at *6 ( S.D.N.Y. Sept. 29, 2004).

A District Court can only hear a Title VII claim that was either included in an EEOC charge or are based on conduct "reasonably related" to the allegations contained in the EEOC charge. *Sklar v. New York Life Insurance Co.*, 2001 WL 984724 at *4 ( S.D.N.Y. August 27, 2001).

Claims are "reasonably related" to conduct described in an EEOC charge when (1) it is within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) would constitute retaliation for filing a timely EEOC charge; or (3) constitutes further incidents of discrimination perpetrated in precisely the same manner as alleged in the EEOC charge. *Butts* 990 F. 2d. at 1402-1403.

In paragraph 8 of the District Court Complaint (Exhibit "A") plaintiff alleges that Ms. Workman was harassing him "because of my gender and race." The

3

paragraph goes on to state that "I was in the process of trying to negotiate a raise after being employed at the company for more than 12 months. The result of this request were increased harassment and my termination based upon erroneous information."

Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights, (the "State Division")[1] on or about January 9, 2007. (See Exhibit "B"). In the charge Mr. Williams states that "I allege that I was wrongfully terminated from my employment due to my gender as my supervisor harbors an animus against men." This statement is the total sum and substance of the discrimination allegation, which is limited solely to "gender." There are no claims of discrimination based upon race, nor are there any allegations that he was in the process of seeking a raise and that was why he was terminated. There are also no allegations of "retaliation" of any sort set forth in the State Division Charge.

Indeed, the State Division's Determination and Order after Investigation (Exhibit "C") does not does address any of these allegations as they were never raised in the Administrative proceeding.

Thus, the second and third prongs of the *Bates* analysis are not relevant to this motion. Plaintiff did not file his charge with the State Division until after he was terminated, there were no further acts of discrimination subsequent thereto.

Accordingly, the only prong of the *Bates* test relevant to plaintiff's Complaint would be the first one. Whether the complaints of discrimination based upon race, retaliation or pay disparity are within the scope of the State Division investigation which can reasonably be expected to grow out of the charge of gender discrimination.

---

[1] A filing with the New York State Division of Human Rights is called a Complaint of Discrimination as opposed to a Charge of Discrimination, which is what it is called by the EEOC.

4

80044029.2

The inquiry which should be made should focus "on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003). Defendants submit that such an inquiry would require dismissal of these claims.

Courts in the Second Circuit have generally held that "claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filing are not reasonably related. *Culbertson v. Charosa Foundation. Corp.* 2004 WL 2370686 AT *3 (E.D.N.Y. October 18, 2004).

Thus in *Mohammad v. New York City Transit Authority*, 450 F. Supp.2d 198, 206 (E.D.N.Y. 2006) the Court held that plaintiff's race discrimination claim under Title VII was not "reasonably related" to the gender and religious discrimination claim raised in the EEOC charge. In *Murray v. Brooklyn Public Library* 1997 WL 1048899 at *3 (E.D.N.Y. June 13, 1997) the court dismissed a gender discrimination charge where the administrative complaint had only alleged race and age. Similarly in *Culbertson, supra.* the Court held that claims of age, racial and religious discrimination were not "reasonably related" to a claim of gender discrimination filed with the EEOC. See also *O'Neil v. State University of New York*, 2003 WL 1524664 at *3 (E.D.N.Y. March 24, 2003).

As set forth above, the Charge filed with the State Division is limited solely to discrimination based upon "gender." There is nothing in the Charge that alleges any racial discrimination. Thus the claim of race discrimination contained in the

Complaint is not reasonably related to the allegation of gender discrimination and it should be dismissed for plaintiff's failure to exhaust his administrative remedies.

Similarly, there are no allegations of retaliation in the State Division Charge nor any allegations of plaintiff seeking or negotiating for a raise or any claim of pay disparity. These allegations are also raised for the first time in the District Court Complaint.

In dismissing a claim of retaliation because plaintiff failed to raise it in his EEOC Charge the Court in, *Burke v. Gutierrez* 2006 WL 89936 at *12 ( S.D.N.Y. Jan. 12, 2006); *aff'd* 2007 WL 1666579 (Summary Order) (2d Cir. June 8, 2007) stated that:

> Courts in this district have often found that, where a plaintiff does no explicitly allege retaliation in an administrative complaint, the subsequent investigation of other forms of discrimination cannot reasonably be expected to extend to retaliation. *See, e.g., Gambrell v. National R.R. Passenger Corp.* 2003 WL 282182 at *8( S.D.N.Y. Feb. 3, 2003) ("Where the EEOC charge alleges discrimination but not retaliation, the reasonable scope of the agency's investigation cannot be expected to encompass allegations of retaliatory motive.") (citation omitted); *Codoba,* 2003 WL 22927874 at *10; *Moguel v. Covenant House/New York,* 2004 WL 2181084 at *8 ( S.D.N.Y. Sept. 29, 2004); *Bailey v. Colgate-Palmolive Co.,* 2003 WL 21108325 at *13 (S.D.N.Y. May 14, 2003) *aff'd* 93 Fed. Apx. 321 (2d Cir. 2004)

See also *Codoba v. Beau Dietl & Assocaiates* 2003 WL 22902266 at *10 (S.D.N.Y. Dec. 8, 2003) (the "EEOC's investigation into national origin and age discrimination claims cannot be expected to evolve into an investigation of retaliatory motive.").

Here, the Charge filed with the State Division Charge is devoid of any claims or allegation of race discrimination, retaliation or any type of pay disparity.

6

80044029.2

Accordingly, plaintiff has failed to exhaust his administrative remedies in relation to those allegations and his Title VII claims based thereof should be dismissed.

## SUBMISSION

For the reasons set forth herein, defendants' motion should be granted in its entirety.

Dated: Garden City, New York
       November 8, 2007

Respectfully submitted,<br>
DAVIDOFF MALITO & HUTCHER LLP<br><br>
By: _____<br>
Mark E. Spund (MES 4705)<br>
Attorneys for Defendants<br>
200 Garden City Plaza, Suite 315<br>
Garden City, New York 11530<br>
(516) 248-6400

To: Charles Williams
    Plaintiff pro se
    5 West 91st Street, # 5E
    New York, New York 10024