UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLES WILLIAMS

        Plaintiff

                                                  Docket No. 07 cv 7720
                                                  (CM) (RLE)

       -against-                                  **AFFIDAVIT**

PALLADIA, INC. and CORINE WORKMAN

        Defendants
------------------------------------------------------------x
STATE OF NEW YORK      )
                                 )ss.:
COUNTY OF NASSAU      )

        MARK E. SPUND hereby affirms under the penalties of perjury that:

        1.     I am a member of Davidoff Malito & Hutcher LLP, attorneys for defendants Palladia, Inc. (Palladia") and Corinne Workman ("Ms. Workman") sued herein as Corine Workman, as such I am fully familiar with the facts and circumstances of this action and submit this affidavit in support of defendants' motion for summary judgment pursuant to Federal Rules of Civil Procedure, Rule 56, seeking an order dismissing the Complaint in its entirety.

## PROCEDURAL HISTORY

        2.     This action was commenced by service of a summons and complaint upon the defendants. The Complaint alleges that the plaintiff, Charles Williams, was terminated from his employment as a House Monitor at Palladia's Dreitzer House facility because he was a man and that his supervisor Ms. Workman had an

animus towards men. The Complaint further alleged that he was also discriminated against because of his race ( he is an African American), retaliation and "other acts." A copy of the Complaint is Annexed as Exhibit "A".

3. On November 12, 2007, defendants moved to (a) dismiss the Complaint as to Ms. Workman as Title VII does not provide for individual liability and to (b) dismiss that portion of the Complaint alleging discrimination based upon race, retaliation and "other acts" due to plaintiff's failure to exhaust his administrative remedies. A copy of the Notice of Motion is annexed as Exhibit "B."

4. On January 4, 2008, at a conference held before Judge Coleen McMahon, the Court granted defendants' motion to dismiss those portions of the Complaint. The Court however, deemed the Complaint amended to assert state law claims of gender discrimination and wrongful termination against Ms. Workman. A copy of the transcript of the Conference is annexed as Exhibit "C."

5. On January 10, 2008, defendants filed their answer. A copy of the answer is annexed as Exhibit "D".

**Preliminary Administrative Proceedings.**

6. On or about January 9, 2007, Mr. Williams filed a Complaint of Discrimination alleging gender discrimination with the New York State Division of Human Rights (the "State Division") against Palladia, only. A copy of the State Division Complaint is annexed as Exhibit "E." In the State Division Complaint Mr. Williams alleges that he "was wrongfully terminated from my employment due to my gender as my supervisor harbors an animus against men."

7. Palladia responded by filing a Statement of Position on or about

February 26, 2007.

8.  On or about March 8, 2007, the State Division issued a Determination and Order After Investigation dismissing the Complaint finding that there was no evidence that Mr. Williams' "sex was a factor in how he was treated by the respondents or the respondent' termination of his employment. The investigation revealed that the respondent continued to employ other male House Monitors after the complainant was terminated." A copy of the Determination and Order is annexed as Exhibit "F."

9.  On or about May 2, 2007, the United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights letter to Mr. Williams. A copy of the Right to Sue letter is annexed as Exhibit "G."

10. The following Exhibits from the deposition transcript of Mr. Williams taken on February 20, 2008 are referenced in the annexed affidavits and memorandum of law as (Tr.    )[1]

| Exhibit | Description |
| --- | --- |
| AJ | Tr. 67 |
| AK | Tr. 74-75 |
| AL | Tr. 78-81 |
| AM | Tr. 142-144 |
| AN | Tr. 152-155 |
| AO | Tr. 156-157 |
| AP | Tr. 158-161 |

---

[1] Exhibits "I" through "AI" are indexed and described in the Affidavit of Judy Archer annexed to these motion papers.

| | |
|---|---|
| AQ | Tr. 162-163 |
| AR | Tr. 164-166 |
| AS | Tr. 167 |
| AT | Tr. 169 |
| AU | Tr. 170-172 |
| AV | Tr. 173-175 |

WHEREFORE, for the reasons set forth in the annexed affidavits and defendants' memorandum of law, defendants' motion to dismiss the complaint should be granted in its entirety.

_____
Mark E. Spund (MES 4705)

Sworn to before me this
27th day of June, 2008

_____
Notary Public

FRANK L. PERRONE JR.
NOTARY PUBLIC, State of New York
No. 02PE6058431
Qualified in Nassau County
Commission Expires May 7, 20 12

80048856.2

4