# EXHIBIT "A"

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

| SOUTHERN | **DISTRICT OF** | NEW YORK |

Charles Williams

**v.**

Palladia Inc
Corine Workman

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

'07 CIV 7720

TO: (Name and address of defendant)

JUDGE McMAHON

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
*Pro Se* Charles Williams
5 West 91 Street, #5E
New York, New York 10024

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

AUG 2 9 2007

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

(Rev. 2/5/98) Summons in a Civil Action

# RETURN OF SERVICE

| | Date |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| NAME OF SERVER (PRINT) | Title |
|---|---|

**CHECK ONE BOX  BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion
 then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify) _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in
the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                     Date

Signature of Server _____

Address of Server _____

---

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

_Charles Williams_
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

v.

_Palladia INC._
_Corine Workmen_

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

---

**I.F.P. GRANTED.**

Leave to proceed in this Court
without payment of fees is
authorized. 28 U.S.C. § 1915

So Ordered;

AUG 2 8 2007
(Date)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
Chief Judge Wood

---

I, _Charles Williams_ , *(print or type your name)* am the plaintiff /petitioner
in the above entitled case and I hereby request to proceed *in forma pauperis* and without being
required to prepay fees or costs or give security. I state that because of my poverty I am unable to
pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to
redress.

1.    If you are presently employed:
        a) give the name and address of your employer
        b) state the amount of your earnings per month

        NYC Parks dept    61 St Broadway

        $348.00 Bi Weekly    $696.00 per month

2.    If you are NOT PRESENTLY EMPLOYED:
        a) state the date of start and termination of your last employment
        b) state your earnings per month
      **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

      6/30/04    7/6/07

3.    Have you received, within the past twelve months, any money from any source? If so, name
      the source and the amount of money you received.

      NYS Unemployment $208 a week

      a) Are you receiving any public benefits?    ☒ No.    ☐ Yes, $_____.

      b) Do you receive any income from any other source?    ☐ No.    ☐ Yes, $_____.

RECEIVED
JUL 19 2007
PRO SE OFFICE

4.  Do you have any money, including any money in a checking or savings account? If so, how much?

_____ $560.00 _____

5.  Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☒ No.    ☐ Yes, _____

6.  List the person(s) that you pay money to support and the amount you pay each month.

_____

_____

7.  Do you pay for rent or for a mortgage? If so, how much each month?

Rent $ 876.

8.  State any special financial circumstances which the Court should consider.

My INcome is below the poverty level. Because I was Fired From My Job unJustly

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  19  day of  JULY , 07
             date              month    year

Sworn + Subscribed on  ths
                       8th day
                       of July 2007
                       by Charles Williams

JOHANNA CASTRO
Notary Public - State of New York
NO. 01CA6113822
Qualified in New York County
My Commission Expires 8/07/08

rev. 3/2006

Charles William
                    signature

2

'07 CIV 7720

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Charles Williams**

NAME OF PLAINTIFF(S)

v.                                                    COMPLAINT/

**Palladia Inc**

**Corine Workman**
NAME OF DEFENDANT(S)


This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

x ____  Title VII of the Civil Rights Act of 1964,as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,Pub. L. No. 102-166) (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*


------  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621   634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*


------  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

1



RECEIVED
JUL 1 9 2007
PRO SE OFFICE

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under. 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.    Plaintiff resides at:

**5 West 91 Street Apt 5E** _____ /**New York**
_____ /
         *Street Address*                          *City*

**New York** _____ /**NY** _____ /**10024** / **212.799.7185**
      *County*                    *State*    *Zip Code*      *Telephone*
      *Number*

*2.*    Defendant(s) lives at, or its business is located at:

**2006 Madison Avenue** _____ /**New York**
_____ /
         *Street Address*                          *City*

   **New York** _____ / **NY** _____ /**10035** / **212.979.0100**
   _____
      *County*                    *State*     *Zip Code*      *Telephone*
      *Number*

3.    The address at which I sought employment or was employed

by the defendant(s) is
          **325 East 115th Street**_____
                *Street Address*

**New York** _____ / **New York** __ / **NY** _____ / **10027.**
      *County*                *City*            *State*        *Zip Code*

2

4.    The discriminatory conduct of which I complain in this action
includes *(check only those that apply)* :

            Failure to hire me.

        X   Termination of my employment.

            Failure to promote me.

            Failure to accommodate my disability.

        X   Unequal terms and conditions of my employment.

        X   Retaliation

        X   Other acts *(specify)* :**No increase in wages after 1
year.**

*NOTE: Only those grounds raised in the charge filed with the Equal Employment
        Opportunity Commission can be considered by the federal district court.*

5.   It is my best recollection that the alleged
discriminatory

acts occurred on:        **October 30, 2006.**
                                 *Date*

6.   *I* believe that defendant(s) *(check one)*

            x __        is still committing these acts against me.

            ____        is *not* still committing these acts against
me.

7.    Defendant(s) discriminated against me based on my:

            *(check only those that apply and explain)*

        [ ]  race  _____        [ X]  color Complexion

        [x ] gender/sex M ____         [ ]   religion

        [ ]  national origin  _____

        [ ]  age  _____ . My date of birth is:
                                               *Date*

        [ ] disability

3

*NOTE: Only those grounds raised in the charge filed with the Equal Employment
Opportunity Commission can be considered by the federal district court.*

8.    The facts of my case are as follows;
     **I was terminated from my place of employment, Palladia
Inc., on October 30, 2006. This was an unlawful and
discriminating act by Palladia. This act was committed by
Corine Workman, who had been harassing me because of my
gender and my race. Corine coerced other female employees
to lie about the incident.**

     **It is Ms. Workman's claim that I falsified documents. This
is untrue. I was in the process of trying to negotiate a
raise after being employed at the company for more than 12
months. The results of this request were increase
harassment and my termination based upon erroneous
information.**

     *(Attach additional sheets as necessary)*

     Note: *As additional support for the facts of your claim,
     you may attach to this complaint a copy of the charge filed
     with the Equal Employment Opportunity Commission, the New York
     State Division of Human Rights, or the New York City Commission
     on Human Rights.*

9.    It is my best recollection that I filed a charge with the

New York State Division of Human Rights or the New York City

Commission on Human Rights regarding defendant's alleged

discriminatory conduct on:**January 9, 2007.**

                              ***Date***

10.    It is my best recollection that I filed a charge with

the Equal  Employment Opportunity Commission regarding

defendant's alleged discriminatory conduct on:

                              ***Date***

4

**Only litigants alleging age discrimination must answer Question #11.**

11.    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one),*

         _____    60 days or more have elapsed.

         _X_    less than 60 days have elapsed.


12.    The Equal Employment Opportunity Commission (check one):

         _____    <u>has not</u> issued a Right to Sue letter

         _X_    <u>has</u> issued a Right to Sue letter,

         which I received on    .

                                                 ***Date***

**NOTE:**    *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*


      WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.


                               *Charles William*
                           *PLAINTIFF'S SIGNATURE*


              Dated:  7|16|07

John M. Troy
Notary Public, State of New York
Registration #01TR6026730
Qualified In Queens County
My Commission Expires June 21, 2009

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Charles A. Williams<br>5 West 91st Street  Apt. 5 E<br>New York, NY 10024 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-01224 | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

5/2/07

*(Date Mailed)*

Enclosures(s)

cc: **PALLADIA, INC.**
**2006 Madison Avenue**
**New York, NY 10035**
**Attn: George Lino**

Mark E. Spund, Esq.
Davidoff & Malito, LLP
200 Garden City Plaza Suite 315
Garden City, NY. 11530

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHARLES WILLIAMS

:                    07cv 7720(CM)(RLE)

                    Plaintiff,            :

        -against-                          :
                                           :
PALLADIA, INC. and CORINE WORKMAN          :        **NOTICE OF MOTION**

                                           :

                    Defendants             :
------------------------------------------------------------------------x

   PLEASE TAKE NOTICE THAT  upon the annexed Affidavit of Mark E.

Spund sworn to  November 8, 2007, the exhibits annexed thereto, the memorandum of

law and the papers in support thereof, defendants Palladia, Inc. and Corrine Workman,

sued herein as "Corine" Workman, will move this Court before Hon. Colleen McMahon,

United States District Judge, at the United States Courthouse, 500 Pearl Street, New

York, New  York for an order, pursuant to  Federal Rules  of Civil Procedure Rule

12(b)(6):

        (a) dismissing the Complaint against defendant Ms. Workman, as

Title VII does not provide for individual liability, and

        (b)  dismissing  that  portion  of  the  Complaint  alleging

discrimination based upon race,  retaliation, and "other acts" -  "No increase in wages

after 1 year" for plaintiff's failure to exhaust his administrative remedies.

   PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Individual Practice

Rules of Hon. Colleen McMahon, responsive paper must be served upon the undersigned two (2) weeks after receipt of these moving papers.

Dated: Garden City, New York
      November  8, 2007

                DAVIDOFF MALITO & HUTCHER LLP

                By:

                    Mark E. Spund (MES 4705)
                Attorneys for Defendants
                200 Garden City Plaza, Suite 315
                Garden City, New York 11530
                (516) 248-6400

To:  Charles Williams
      Plaintiff pro se
      5 West 91st Street, # 5E
      New York, New York 10024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CHARLES WILLIAMS,                                    :

                  Plaintiff,                 :        07cv 7720(CM)(RLE)

                            :        AFFIDAVIT OF SERVICE

      -against-                               :

PALLADIA, INC. and CORINE WORKMAN,     :

                            :

                 Defendants.             :
-----------------------------------------------------------------------x

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NASSAU    )

          LAURA J. CAVALLO, being duly sworn, deposes and says:

          1.     I am not a party to this action, am over 18 years of age, and am employed

in Nassau County, New York.

          2.     On November 12, 2007, I served the within Notice of Motion and Affidavit and
Defendants' Memorandum of Law upon:

                    Charles Williams
                    5 West 91st Street, # 5E
                    New York, New York  10024
                    Certified Mail # 7007 1490 0001 9739 9190

the address designated by said individual for that purpose by depositing true copies of same enclosed in a plain

envelope, by both certified mail-return receipt requested and by regular mail, in an official depository under the

exclusive care and custody of the United States Postal Services within New York State.

                                                  LAURA J. CAVALLO

Sworn to before me this
12th day of November, 2007

NOTARY PUBLIC

                      MARK E. SPUND
              Notary Public, State of New York
                   No. 02SP4674280
               Qualified in Nassau County
          Commission Expires March 30, 2002
                          2010

80044129

# EXHIBIT "C"

814ewilc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   CHARLES WILLIAMS,

4               Plaintiff,

5           v.                      07 CV 7720 (CM) (RLE)

6   PALLADIA INC., et al.,

7               Defendants.

8   ------------------------------x

9                                   January 4, 2008

10                                  10:45 a.m.

11

12  Before:

13              HON. COLLEEN MCMAHON,

                                    District Judge
14                         APPEARANCES

15  CHARLES WILLIAMS, Pro Se

16
    DAVIDOFF MALITO & HUTCHER, LLP
17      Attorney for Defendant
    BY:  MARK E. SPUND
18

19

20

21

22

23

24

25

814ewilc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  CHARLES WILLIAMS,

4                  Plaintiff,

5           v.                        07 CV 7720(CM)(RLE)

6  PALLADIA INC., et al.,

7                  Defendants.

8  ------------------------------x

9                                   January 4, 2008

10                                  10:45 a.m.

11
   Before:
12
                      HON. COLLEEN MCMAHON,
13
                                   District Judge
14
                      APPEARANCES
15
   CHARLES WILLIAMS, Pro Se
16
   DAVIDOFF MALITO & HUTCHER, LLP
17      Attorney for Defendant
   BY:  MARK E. SPUND
18

19

20

21

22

23

24

25

814ewilc

1          THE DEPUTY CLERK:  Charles Williams versus Palladia

2    Incorporated, et al.

3          THE COURT:  Mr. Williams.

4          MR. WILLIAMS:  Yes.

5          THE COURT:  Good morning, sir.  I'm Judge McMahon.

6    How are you?

7          MR. WILLIAMS:  Fine.

8          THE COURT:  Have a seat.  And for the defendant.

9          MR. SPUND:  Mark Spund, Davidoff, Malito, Hutcher,

10   LLP, both defendants.

11         THE COURT:  Good morning, Mr. Spund.

12         Okay.  Now, I have a motion for partial dismissal from

13   Mr. Spund.  He seeks to dismiss the Title 7 discrimination

14   claims against defendant Corine Workman.  And he seeks to

15   dismiss all claims except race discrimination and termination

16   on the ground that no other claims were administratively

17   exhausted.

18         MR. SPUND:  Your Honor, excuse me.  I'm looking to

19   dismiss everything except the gender discrimination claim.

20         THE COURT:  I'm sorry.  Gender, not race.  I

21   apologize. -- gender discrimination and termination on the

22   ground that those claims were not administered and exhausted.

23   I don't have any responsive papers from you, Mr. Williams, on

24   this motion.

25         MR. WILLIAMS:  I would request that that motion be

814ewilc

1    denied.

2            THE COURT:  Well, I think it's going to have to be

3    granted.  Title 7 is very clear.  You're not allowed to sue an

4    individual.  You can only sue the company.

5            Now, you have claims in your complaint under

6    Section 296 of the Human Rights Law, I believe.  Certainly

7    there were such claims in your original -- there were such

8    claims in your original charge.  You filed your charge under

9    both the federal law and the state law.  And under the state

10   law, certain supervisory personnel can be sued individually.

11   Under federal law, they can't.  They just can't, okay?  So I've

12   got no choice but to dismiss those claims against Ms. Workman.

13           If you want to try to pursue state law claims against

14   her under Section 296, subdivision 6, of the Executive Law of

15   the State of New York, which is the New York State Human Rights

16   Law, I would give you leave to amend your complaint because

17   you're a pro se plaintiff and you don't necessarily know all

18   the rules.  I would give you leave to amend your complaint to

19   assert your claim of gender discrimination in termination

20   against Ms. Williams.

21           MR. WILLIAMS:  Yes, I would like to do that, your

22   Honor.

23           THE COURT:  Okay.  Fine.  I'm just going to deem that

24   done.

25           The other aspect of Mr. Spund's motion has to do with

814ewilc

1    my jurisdiction to hear the case.  When Congress passed this

2    law, Title 7, they decided that they wanted to set up an

3    administrative scheme for trying to resolve these issues short

4    of coming to court.  So that's why you had to file that charge

5    with the EEOC, or you filed it with the State Division of Human

6    Rights, but in the State of New York that's equivalent to

7    filing it with the EEOC.

8        And what the law requires is that you let this

9    administrative agency take a look at all of your claims.  And I

10   have reviewed the charge that you filed with the state division

11   of human rights.  I'm actually going to read it into the

12   record.  It's a verified complaint in case number 10115572,

13   Mr. Williams against Palladia, Inc.

14       And here are -- it says, I, Charles A. Williams, gives

15   his address, and all charged the above named respondent with

16   unlawful discriminatory practice relating to employment in

17   violation of Article 15 of the Executive Law of the State of

18   New York Human Rights Law because of sex.  The particulars are,

19   one, I am male.  Because of this I have been subjected to

20   unlawful discriminatory action.

21       Two, I commenced my employment with the respondent on

22   October 8, 2006, as a house monitor.  My time and attendance,

23   work performance, were satisfactory.

24       Three, on October 31, 2006, I was advised that my

25   employment with the respondent was being terminated.  The

814ewilc

1   reason given by the respondent was that I had falsified time

2   sheets.  This is untrue, as I have never falsified any

3   documents.

4         Four, I allege that I was wrongfully terminated from

5   my employment due to my gender, as my supervisor harbors an

6   animus against men.  I know of four men who were terminated by

7   respondent within a year and three who have transferred.  Both

8   myself and another housing monitor who were males were replaced

9   by females.

10        Based on the foregoing, I charge respondent with an

11  unlawful discriminatory practice relating to employment because

12  of sex in violation of the state human rights law.  I also

13  charge the respondent with violating Title 7 of the Civil

14  Rights Act of 1984.

15        So, that actually is one of the better in terms of

16  clarity charges I have ever read, Mr. Williams, which is a good

17  thing and a bad thing.  There's to throw no wiggle room.  You

18  were very clear about what you were charging and what you

19  wanted the agency to investigate.  It was that you were

20  terminated because you were a man and because you had a

21  supervisor who harbored discriminatory animus against men.

22        Now, when you filed your complaint here, you did what

23  many people who are representing themselves do.  We have kind

24  of a checkoff complaint, and you checked off a lot of things in

25  that form complaint that we give to pro se's.  You checked off

814ewilc

1   not only gender, but you checked off race, and you checked off

2   not only termination, but terms and conditions of employment,

3   and you checked off retaliation.  None of that stuff was in

4   your charge.  And because the charge was so precise, none of

5   that stuff can be fairly inferred from the charge.  And the

6   Court of Appeals for this circuit, in a case which I think is

7   called the Butts case, has said that unless the charge is

8   drafted in such a way as to give some sort of notice of claims

9   in addition to the principal claim that is asserted, then the

10  claim cannot be deemed administratively exhausted.  And what

11  Congress has said is that I as a judge can't take jurisdiction

12  over any claim that wasn't administratively exhausted.

13        So what I have in front of me as a matter of law --

14  and my hands are kind of tied -- is your claim that you were

15  fired because you were a man.

16        It may be that some of this other information that

17  would be relevant to the claims that were not exhausted would

18  nonetheless come into evidence possibly as evidence that the

19  company was biased against men, but it can't be the basis of a

20  claim.  So what I've got is a claim under Title 7 against

21  Palladia and a claim under the state human rights law against

22  Palladia and Ms. Workman for wrongful termination on the basis

23  of your gender, the fact that you were a man and that she is

24  prejudiced against men.  And that's really all I've got.  And

25  that's the claim that we're going to proceed to adjudicate.

814ewilc

1          So the motion, the defendant's motion is granted.   I

2     don't see any way that I can't grant it.

3          When were you fired, sir?

4          MR. WILLIAMS:   October 30, 200- --

5          THE COURT:   2006?   It's too late under the law for you

6     to go back and exhaust any of these other claims, so they're

7     time barred.   And let's just go forward and let's deal with

8     what we've got, okay?

9          So, this claim, I gather, was actually the subject of

10    some administrative action.   Sometimes they just look at the

11    claims and say, we'll let the Court handle that.   In this one

12    they actually looked into the matter, I gather, and they found

13    no probable cause.   That doesn't mean you can't pursue your

14    lawsuit.   Yet Congress specifically said you could have two

15    bites of the apple, okay?   So you're here and we're going to

16    adjudicate that issue.

17         What are we looking at in terms of discovery from the

18    defendant?

19         MR. SPUND:   I have the statement of position with the

20    responsive documents.   I have his personnel file.   I have some

21    other documents in relation to his termination.

22         THE COURT:   And you want to depose the plaintiff, I

23    assume?

24         MR. SPUND:   Yes.

25         THE COURT:   Okay.   Any other witnesses that you would

814ewilc

1   want to depose?

2           MR. SPUND:  Probably not, unless -- I just have to

3   check.  There may be a witness that's no longer employed and I

4   may have to depose as a nonparty.

5           THE COURT:  And that would be who?

6           MR. SPUND:  It's the -- I'm having trouble with the

7   name.  I apologize.  It's the woman who actually did the --

8   found out that he wasn't at his station, okay, when he was

9   supposed to be there.  It's another --

10          THE COURT:  Right.  Her name is not in the -- SDHR --

11          MR. SPUND:  No, it's referenced in the SDHR.

12          THE COURT:  But her name isn't there.

13          MR. SPUND:  Her name isn't there.

14          THE COURT:  Do you remember the name of that person?

15  The person who accused you --

16          MR. WILLIAMS:  Denowski.

17          THE COURT:  Denowski, Ms. Denowski.  Thank you, sir.

18          Okay.  So this doesn't strike me as a heavy discovery

19  case.  You're going to be asked to go to a lawyer's office,

20  Mr. Williams, and have your testimony taken in front of a court

21  reporter.  And Mr. Spund is going to ask you questions.  It's

22  just like you're in court, so you're under oath and you swear

23  to tell the truth and you'll answer the questions.

24          If he takes the deposition, if he takes testimony of

25  this Ms. Denowski, you will get notice of when that's going to

814ewilc

1    happen.  You're entitled to go to that session.  You're

2    entitled to ask questions, too.

3              Do you have the manual for pro se litigants that we

4    offer?  Okay.  It gives you some pretty clear instruction about

5    discovery, what you're entitled to do by way of discovery.

6    First we have something called mandatory discovery, or Rule 26

7    discovery.  And in a case like this, as far as I'm concerned,

8    that really consists of your personnel file and all the

9    documents that relate to your termination, every single one of

10   them.  And they need to turn -- Palladia needs to turn all

11   those documents over to you.

12             MR. WILLIAMS:  Right.  I have not received that.

13             THE COURT:  No.  We're just starting out, okay?  So

14   within 20 days, please, Mr. Spund, I would appreciate it if you

15   would turn those documents over to Mr. Williams.

16             MR. SPUND:  I still have to interpose an answer,

17   Judge.

18             THE COURT:  I don't care.  The answer is the least

19   relevant document in the case.

20             MR. SPUND:  That's no problem.  Twenty days is fine.

21             MR. WILLIAMS:  I would stipulate, your Honor, that

22   they turn over all documents involving the unemployment case as

23   well.

24             THE COURT:  There were documents in an unemployment

25   case?  Yes, you're right.  Those would also -- they're in

814ewilc

1    connection with your termination, and those documents would

2    also have to be turned over.  Okay.  If you have any documents

3    that relate to your termination, you have 20 days to make

4    photocopies of them and put them in the mail to Mr. Spund, all

5    right?  That will take care of the mandatory stuff.

6              So what's 20 days from today?  It's the 4th by the

7    24th.  We'll say the 25th.  How about the 25th?  It's a Friday,

8    okay?  So by Friday, the 25th.  Then, as you can find out in

9    the pro se manual, Mr. Williams, you are entitled to take

10   discovery from the company and Ms. Williams.  If you want to

11   hire a court reporter, you can take their depositions with a

12   court reporter.  That's a very expensive thing to do.

13             You are also entitled to an alternative procedure

14   called deposition on written questions, when you would write

15   out the questions that you would want to have answered under

16   oath, and you would send them to the lawyer for Palladia and

17   Ms. Workman and the company, and Ms. Workman would be required

18   to answer those questions in writing under oath.  That is

19   sometimes a good alternative for an individual who doesn't have

20   the funds to hire a court reporter.

21             There are also some other discovery devices, notices

22   to admit, requests for additional documents.  You should read

23   the manual and familiarize yourself with them and avail

24   yourself of any of those that you think might be useful.  I

25   have to be, as you might imagine, completely neutral between

814ewilc

1    you and the defendants, so that's why we have the manual, is to

2    teach you the kind of things that I can't teach you because

3    that's not my job.

4            I'm going to allow then 90 days following the turnover

5    of the Rule 26 discovery for the rest of the discovery in the

6    case.  So we're looking at the 30th of April, the end of April.

7    By the end of April all the discovery in this case should be

8    done.

9            And then I'm going to assume, Mr. Spund, because it

10   seems to be the way of defense lawyers in these cases, even

11   though it would probably be cheaper and quicker for them simply

12   to try the case, I'm going to assume that you're going to make

13   the motion for summary judgment.  Am I right?

14           MR. SPUND:  You are correct, Judge.

15           THE COURT:  I knew it.  Okay.  When the discovery is

16   all done, Mr. Williams, the defendants are going to make a

17   written motion asking me to dismiss the case.  They're going to

18   argue to me that there's no genuine issue of material -- that

19   is to say, relevant or important -- fact, a fact that's

20   important in deciding the case; and that they're entitled to

21   judgment as a matter of law.  I'm going to give them until May,

22   the 30th, to make that motion.  I'm going to give you until

23   June, the 27th, to respond to that motion.

24           And I need to tell you that in responding to the

25   motion, you can't just make conclusory statements.  You have to

814ewilc

1    point me to evidence.  Now, your sworn testimony is evidence.

2    But your sworn testimony "Corine Workman is prejudiced against

3    men," that's a conclusory statement.  You would have to have

4    some evidence that she's prejudice against men.  You've alluded

5    to some of that in your complaint, that there were other men

6    who were fired.  There were other men who were transferred out

7    of the department.  They were replaced by women.  You need to

8    get on top of that.

9         And your response has to address in evidentiary terms,

10   as opposed to conclusory terms, or "it's my opinion that she's

11   prejudiced against men," that won't do it.  That won't defeat

12   the motion.  I'm telling you this because I have to tell you

13   this, because you're representing yourself and I want you to

14   understand that you have a burden, okay, to respond to that

15   motion.

16         MR. WILLIAMS:  And discovery, I can ask for the names

17   of those men?

18         THE COURT:  You can ask them the names of those men.

19   You can track them down.  You can ask their names and last

20   known address.  You can call them up and talk to them.  You can

21   see if they will be witnesses for you or will give you

22   statements under oath.  You can do all those things.  You can

23   have them subpoenaed as witnesses for the trial.  You may find

24   that they agree with you.  You may find that they don't agree

25   with you.  I don't know.  All right?

814ewilc

1          But you need to respond to the motion with evidence

2     that raises a genuine issue of fact by the 27th of June.  Reply

3     papers due by the 11th of July.  I will postpone any need to

4     file a pretrial order in this case until that motion is

5     decided.

6          Okay.  Now, the last thing I need to tell you is that,

7     like every other civil case, this case is assigned both to a

8     district court judge and to a magistrate judge.  Magistrate

9     judges are -- I don't like to think of them as assistive

10    judges.  They are real judges, but they're not appointed by the

11    president and confirmed by Congress.  They're actually

12    recommended by a panel and appointed by the judges of the

13    Court.  And they are allowed by law to undertake various

14    judicial duties in connection with civil cases.

15         One of the things that they're allowed to do is handle

16    nondispositive matters, including discovery.  And were there to

17    be any kind of a dispute between the plaintiff and the

18    defendant about discovery -- whether questions were proper,

19    whether answers were sufficient, whether objections needed to

20    be ruled on -- it is my practice to refer those matters to the

21    magistrate judge.  And the magistrate judge in this case is

22    Judge Ellis, Judge Ronald Ellis.

23         So if there should develop some kind of a dispute over

24    discovery in this case that needs to be resolved, I need that

25    to be brought to my attention by letter.  And I will respond to

814ewilc

1    the letter by issuing an order referring the matter to Judge

2    Ellis for resolution.

3        The other thing that I need to tell you is that

4    Congress has permitted parties to a lawsuit to consent to have

5    the magistrate judge be their judge for all purposes in a civil

6    case.   That can't happen in a criminal case, but it can happen

7    in a civil case.   This is a civil case.   So if both you and

8    Mr. Spund's client were to agree that you wanted Judge Ellis to

9    be your judge for all purposes, forget about Judge McMahon,

10   that would be fine with me.

11       And the advantage to you both is that it would

12   probably result in a swifter final adjudication of the case

13   because Judge Ellis has no docket to interfere with his work on

14   his civil docket.   And I have to tell you, I have what looks

15   like it's going to go forward as a death penalty case that will

16   be consuming a whole lot of my time this spring, and the civil

17   cases are all going to get put on the back burner.

18       So if you would both agree to have Judge Ellis be your

19   judge for all purposes, there is a piece of paper that you need

20   to sign to that effect and I can send the case to Judge Ellis

21   for all purposes.   You don't have to agree to that.   I strongly

22   recommend it, but you don't have to agree to that, okay?   I

23   just throw that out on the table for you to think about, all

24   right?

25       Okay.   You have your schedule.   We will enter a

814ewilc

1  written order.  Actually, do I have a copy of a written order

2  up here in this file?  And I can fill out the date now.

3          Has anyone made a jury demand in this case?

4          MR. SPUND:  I haven't put an answer in.

5          MR. WILLIAMS:  I thought it was too late for that.

6          THE COURT:  Pardon?

7          MR. WILLIAMS:  It's too late for that, Judge?

8          THE COURT:  Nope, not too late for that.  Are you

9  planning to demand a jury?

10         MR. SPUND:  Probably not, Judge.

11         THE COURT:  Okay.

12         MR. WILLIAMS:  I was considering it.

13         THE COURT:  Okay.  Well, you have until ten days after

14  the answer is interposed.

15         MR. WILLIAMS:  Ten days after --

16         THE COURT:  Yeah, to make that decision.

17         Discovery pursuant to federal Rule 26 to be exchanged

18  by Jan 25th, 2008.  All discovery to be completed by April 30,

19  2008.  The plaintiff's deposition needs to be the first

20  deposition taken, and it should be completed by February 29th.

21  Get that done sometime in the next few weeks.  That's completed

22  by -- it doesn't have to be that long.  Pick a date that's

23  convenient for both of you.  If there's -- is anybody

24  anticipating there will be any experts testifying in this case?

25         MR. SPUND:  I would doubt it, Judge.

814ewilc

1    THE COURT:  Okay.  So we're not going to have dates

2    for expert reports.  We're not going to do the pretrial order.

3    The summary judgment motion is due on May 30th, is that what I

4    said?  May 30th, 2008.  Response due June 27th, 2008, and reply

5    due July 11th, 2008.  The pretrial order need not be filed

6    until a motion is decided.  And this order indicates that you

7    may at any time consent to have the case tried before the

8    assigned magistrate judge, who is Judge Ellis.  So I'm going to

9    give you all a copy of this written order before you leave.

10   That's your scheduling order.

11        All right?  Yes, sir.

12        MR. WILLIAMS:  I'm not clear on the -- as far as

13   having a jury.

14        THE COURT:  You're entitled to a trial by jury if you

15   want it.  That doesn't mean that he can't make a motion saying

16   there's nothing for a jury to decide in this case, all right?

17   A motion for summary judgment is really a motion in which the

18   defendant says there's nothing for a jury to decide in this

19   case because there's no evidence of discrimination.  It's just

20   an opinion of discrimination, no evidence.  And that's why you

21   have to respond to that motion with evidence, okay?  So

22   that's --

23        MR. WILLIAMS:  And I have how long to --

24        THE COURT:  But you have until -- when is your answer

25   due?

814ewilc

1          MR. SPUND:  I guess when it's ten days from today,

2     Judge?  How many days from today?

3          THE COURT:  Why?

4          MR. SPUND:  Because I was waiting for a decision on

5     the motion.

6          THE COURT:  Yeah, so ten days -- it's due in ten days.

7     Basically you've got about 20 days to make up your mind.  What

8     you got to do is say in writing, I would rather have a jury try

9     this case than have a judge try the case, okay?

10         Okay.  Thank you all very much.

11         MR. SPUND:  Thank you, your Honor.

12         THE COURT:  We'll give a copy of this order in case

13    you decide you want Judge Ellis to be your judge for all

14    purposes.

15         MR. WILLIAMS:  Your Honor.

16         THE COURT:  Yes, sir.

17         MR. WILLIAMS:  What about the fact that I thought we

18    had to have a mediation because --

19         THE COURT:  You don't have to have a mediation, and

20    both parties would have to consent to a mediation.  If you want

21    mediation, I'll order mediation.  I somehow didn't imagine that

22    in this case the defendant wanted mediation.

23         MR. SPUND:  No.

24         THE COURT:  If the defendant doesn't consent to

25    mediation, then there's no mediation.

814ewilc

1          MR. WILLIAMS:  Okay.

2          THE COURT:  That is also a consensual.

3          (Adjourned)

EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHARLES WILLIAMS

              Plaintiff                 Docket No. 07 cv 7720
                                           (CM) (RLE)

     -against-

PALLADIA, INC. and CORINE WORKMAN    **ANSWER**

              Defendant

-------------------------------------------------------------x

      Defendants Palladia, Inc. ( " Palladia") and Corrine Workman, sued herein as "Corine" Workman ("Workman"), collectively referred to herein as the "Defendants" by their attorneys, Davidoff, Malito & Hutcher LLP, answering the complaint of Plaintiff, Charles Williams ("Williams" of "plaintiff") ,sets forth the following:

      1.    The initial paragraph representing the statutes under which this action is brought states a legal conclusion for which no answer is required however, to the extent that it makes certain allegations regarding Defendants,  Defendants deny such allegations.

      2.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the Complaint relating to Williams' address and phone number.

      3.    Deny the allegations contained in paragraph "2" of the Complaint except admit that Palladia's corporate offices are located at 2006 Madison Avenue, New York, New York 10035 and that Workman's office is located at that address.

80045481

4.      Deny the allegations contained in paragraph 3 of the Complaint except admit that plaintiff was assigned to work at Palladia's Dreitzer House facility located at 325 East 115th Street, New York, New York 10029.

5.      Deny the allegations contained in paragraph "4" of the Complaint.

6.      Deny the allegations contained in paragraph "5" of the Complaint except aver that Williams was terminated for cause on October 31, 2006.

7.      Deny the allegations contained in paragraph "6" of the Complaint.

8.      Deny the allegations contained in paragraph "7" of the Complaint.

9.      Deny the allegations contained in paragraph "8" of the Complaint except admit that Williams was terminated for cause on October 31, 2006.

10.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the Complaint.

### AS TO THE "WHEREFORE" CLAUSE

14.     Denies all statements and allegations contained therein, including any claim for relief as set forth in the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

15.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants asserts the following defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.    The Complaint fails to state a claim upon which relief can be granted against Palladia under Title VII of the Civil Rights Act of 1964 as amended.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.    The Complaint fails to state a claim upon which relief can be granted against Defendants under the New York State Human Rights Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel and waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims are barred in whole or in   part because of Plaintiff's failure to mitigate his damages.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

20.    At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

21.    Plaintiff has failed to plead that any of Defendants' actions were willful.

80045481

3

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.    Defendant did not willfully commit any violation of either Title VII or the New York State Human Rights Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23.    Defendants did not engage in any of the alleged unlawful discriminatory conduct referred to in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24.    Any actions taken by Defendants in relation to plaintiff's unemployment were taken by Defendants for legitimate, non-discriminatory reasons irrespective of any illegal discrimination.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25.    Defendants did not engage in any of the alleged unlawful discriminatory practices referred to in the Complaint and plaintiff cannot recover punitive damages under Title VII because Defendants did not, at any relevant time, intend to violate any law relating to discrimination in employment on the basis of gender nor were they consciously indifferent to whether they violated any such laws or rights of plaintiff under such laws.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26.    At all times defendants engaged in good faith efforts to comply with their obligations under Title VII and the New York State Human Rights Law and all other applicable laws relating to discrimination because of gender.

80045481                                    4

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred by the applicable statutes of limitations.

**WHEREFORE**, Defendants respectfully requests that the Court:

a.  Dismiss Plaintiff's Complaint in its entirety, with prejudice.

b.  Deny each and every demand and prayer for relief contained in the Complaint.

c.  Award Defendants reimbursement for the reasonable attorneys' fees and costs as may be determined by the Court; and

d.  Grant Defendants such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        January 8, 2008

                                    DAVIDOFF MALITO & HUTCHER LLP

                                    By: _____
                                        Mark E. Spund (MES 4705)
                                    Attorneys for Defendants
                                    200 Garden City Plaza, Suite 315
                                    Garden City, New York 11530
                                    (516) 248-6400


To:     Charles Williams
        Plaintiff pro se
        5 West 91st Street # 5E
        New York, New York 10024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

CHARLES WILLIAMS,

                            Plaintiff,

      -against-

PALLADIA, INC. and CORINE WORKMAN,

                           Defendants.

----------------------------------------------------------------------x

07cv 7720(CM)(RLE)

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK      )
                         ) ss.:
COUNTY OF NASSAU      )

           LAURA J. CAVALLO, being duly sworn, deposes and says:

           1.      I am not a party to this action, am over 18 years of age, and am employed

in Nassau County, New York.

           2.      On January 9, 2008, I served the within Answer upon:

                  Charles Williams
                  5 West 91st Street, # 5E
                  New York, New York  10024
                  Certified Mail # 7004 1350 0001 3535 3563

the address designated by said individual for that purpose by depositing true copies of same enclosed in a plain

envelope, by both certified mail-return receipt requested and by regular mail, in an official depository under the

exclusive care and custody of the United States Postal Services within New York State.

                                                          LAURA J. CAVALLO

Sworn to before me this
9th day of January, 2008

     NOTARY PUBLIC

               MARGARET C. FIORILLO
            Notary Public, State of New York
                 No. 30-4671525
             Qualified in Nassau County
           Commission Expires Oct. 31, 2010

80045594